UNITED STATES DISTRICT COURT **FILED**
FOR THE DISTRICT OF COLUMBIA

JUL 2 4 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Cr. No. 95-0298 (TFH) |
| | ) | |
| CLIFFORD BOGLE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Pending before the Court is defendant Clifford Bogle's *pro se* Petition for Writ of *Audita Querela*. In response, the government contends that Bogle's motion, although styled a petition for a writ of *audita querela*, should be treated as a motion pursuant to 28 U.S.C. § 2255. Because Bogle has already filed three § 2255 motions, the government moves to transfer the instant motion to the United States Court of Appeals for the District of Columbia Circuit for determination whether to permit Bogle a successive § 2255 motion. For the reasons explained below, the Court will grant the government's motion.

## I.      FACTUAL AND PROCEDURAL HISTORY

Following an eight-day trial in 1996, a jury convicted Bogle of second degree murder, possession of a firearm during a crime of violence, assault on a federal officer, and using a firearm during a crime of violence. Two of these convictions were based on charges under the D.C. Code rather than federal criminal statutes. The Hon. Norma Holloway Johnson sentenced Bogle to an aggregate of thirty-three years to life imprisonment. The convictions were affirmed on appeal in 1997. Between February 1999 and May 2000, Bogle filed three motions to vacate,

1

set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *See* Docket. Nos. 55, 61, 71. The

first two § 2255 motions were denied by Chief Judge Johnson. As to Bogle's third motion, the

United States Court of Appeals for the District of Columbia Circuit denied him leave to file a

successive § 2255 motion, but allowed him to file a supplement, which this Court denied on

January 26, 2009. Bogle filed the instant motion on October 4, 2007, and the Government filed

its response on February 27, 2009.

## II.    ANALYSIS

"The common law writ of *audita querela* permitted a defendant to obtain relief against a

judgment or execution because of some defense or discharge arising subsequent to the rendition

of the judgment." *United States v. Ayala*, 894 F.2d 425, 427 (D.C. Cir. 1990) (internal quotation

omitted). It is unclear whether *audita querela* survives in federal criminal practice. *Id.* at 429

(stating that Court of Appeals does not "definitively resolve the issue of whether the writ of

*audita querela ever* supplies a basis for vacating a federal criminal conviction."). There are

circumstances, however, in which it is clear that *audita querela* does not afford relief:

> The Supreme Court's decision in *United States v. Morgan*, 346 U.S. 502 (1954),
> makes clear that a federal court can vacate a criminal conviction pursuant to the
> common law writ of *audita querela* only if the writ permits a defendant to raise a
> legal objection not cognizable under existing federal postconviction remedies.

*Ayala*, 894 F.2d at 430. In *Ayala*, the D.C. Circuit affirmed the district court's denial of the

defendant's *audita querela* motion "because [the defendant] attacks his conviction on grounds

that could properly be raised in a section 2255 proceeding." *Id.*

As in *Ayala*, Bogle's petition for a writ of *audita querela* presents a challenge to his

conviction that is properly cognizable under § 2255. Bogle claims that his sentencing was

unlawful because the sentencing judge, rather than a jury, "found a barrage of facts that influenced the sentences imposed under the D.C. Code." Def.'s Mot. at 1; *see also id*. at 4-7. Bogle argues that the Supreme Court's later sentencing jurisprudence, in particular *Cunningham v. California*, 549 U.S. 270 (2007), invalidates the D.C. Code's sentencing scheme, wherein he asserts that "the 'aggravating factors' found by Judge Johnson increased his sentence from a maximum of twenty years to life in prison." Def.'s Mot. at 7.

While Bogle attempts to show otherwise, his claim "could properly be raised in a section 2255 proceeding." *Ayala*, 894 F.2d at 430. Seeking to circumvent the strictures of *Ayala*, Bogle argues that the writ of *audita querela* is an appropriate gap-filling remedy in his case because "the D.C. Codes are not cognizable under section 28 U.S.C. § 2255." Def.'s Mot. at 3. In Bogle's view, § 2255 can provide relief only for his federal law offenses. *Id*.

Bogle is wrong. Section 2255 allows a defendant to "move the court which imposed [his] sentence to vacate, set aside or correct the sentence" on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The substance of Bogle's claim is that the Sixth Amendment, as interpreted in *Cunningham* and other recent Supreme Court cases, proscribes the method in which his sentence was increased under the D.C. Code. This constitutional challenge of an allegedly excessive sentence—albeit a sentence under the D.C. Code rather than federal law—falls squarely within the scope of § 2255.

Giving precedence to the substance rather than the caption, *see United States v. Lloyd*, 398 F.3d 978, 979-80 (7th Cir. 2005), the Court will treat Bogle's pleading as a motion pursuant

to § 2255.[1]  *Cf. Torres-Montalvo v. Dep't of Justice*, 1999 WL 825533, at *1 (D.C. Cir. Sept. 30,

1999) (per curiam order) ("The petition for review is a garden variety § 2255 motion collaterally

attacking petitioner's convictions and sentences, and he may not escape the restrictions on filing

second § 2255 motions by captioning it otherwise."). Due to Bogle's three prior § 2255 motions,

the court must follow the protocol for a successive motion. A district court lacks jurisdiction to

entertain a "second or successive" (in Bogle's case, a fourth) § 2255 motion unless the court of

appeals first authorizes the motion. *See* 28 U.S.C. § 2255 ("A second or successive motion must

be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."); 28

U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is

filed in the district court, the applicant shall move in the appropriate court of appeals for an order

authorizing the district court to consider the application."). Accordingly, the Court will transfer

Bogle's successive motion to the Court of Appeals for a determination whether to permit it.

A corresponding Order accompanies this Memorandum Opinion.

July **2 4**  , 2009

_____
Thomas F. Hogan
United States District Judge

---

[1]  A court cannot recharacterize a *pro se* motion as an *initial* § 2255 motion without first notifying the movant and allowing the movant to withdraw or amend the pleading. *See Castro v. United States*, 540 U.S. 375, 383 (2003). No such requirement applies, however, for a second or successive § 2255 motion. *See Lloyd*, 398 F.3d at 980.