UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

CLIFFORD THEOPHILUS BOGLE,

     *Defendant.*

Case No. 95-cr-298 (RCL)

## MEMORANDUM OPINION

In 1996, a jury convicted defendant Clifford Theophilus Bogle of second-degree murder and other offenses related to the killing of Cordell Johnson and Mr. Bogle's subsequent shootout with police. *United States v. Bogle*, 114 F.3d 1271, 1272 (D.C. Cir. 1997). Mr. Bogle was sentenced to thirty-three years to life imprisonment.

Now, fifty-nine-year-old Mr. Bogle moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Def.'s Mot. to Reduce Sentence ("Def.'s Mot."), ECF No. 104, at 1. In support of his request, Mr. Bogle claims that the COVID-19 pandemic, his medical problems, and age amount to "extraordinary and compelling" circumstances justifying his release. *Id.* at 3–4. The government opposes Mr. Bogle's motion, arguing that Mr. Bogle has not shown he is entitled to compassionate release primarily because Mr. Bogle, who is now fully vaccinated against COVID-19 and has received a booster shot, faces a diminished risk of serious infection or death from the virus, even considering his medical conditions. Gov't Opp'n ECF No. 105, at 15–19. Mr. Bogle, on the other hand, insists that the Bureau of Prisons ("BOP") "cannot adequately protect" him from the persistent threat of COVID-19, causing extraordinary and compelling circumstances to remain. Def.'s Mot. at 3; Def.'s Reply, ECF No. 107. Upon consideration of the parties' filings,

the record therein, and the applicable law, the Court will **DENY** Mr. Bogle's motion for compassionate release.

## I.    BACKGROUND

The events giving rise to Mr. Bogle's conviction occurred on June 8, 1995. *Bogle*, 114 F.3d at 1272. Three days earlier, Mr. Bogle's brother was murdered in Washington, D.C. *Id.* Upon learning of his brother's death, Mr. Bogle flew to Washington from California, where he was living after illegally reentering the United States following a prior deportation. *Id.*; Gov't Opp'n at 2. The Circuit explained the rest of the factual history underlying Mr. Bogle's offense as the following:

> On June 8 at around 2 p.m. undercover police officers heard gunshots and saw a man later identified as Cordell Johnson limping down the street and another man later identified as the [Mr. Bogle] running right behind him. Bogle shot Johnson several times; when Johnson collapsed to the ground, Bogle shot him again and continued running. The officers chased Bogle, exchanged gunfire, lost sight of him, and around 4:30 p.m. captured him.

*Bogle*, 114 F.3d at 1272. One officer sustained a bullet wound to the arm during the exchange. Gov't Opp'n at 2. Mr. Johnson was just eighteen years old when he was killed. *Id.*

In March 1996, following a jury trial, Mr. Bogle was convicted of four of the six offenses for which he was indicted: second-degree murder in violation of 22 D.C. Code §§ 2403 and 2404 ("Count 1"), possession of a firearm during a crime of violence or dangerous offense in violation of 22 D.C. Code § 3204(b) ("Count 2"), aggravated assault on a federal officer in violation of 18 U.S.C. §§ 111(a)(1) and (b) ("Count 5"), and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) ("Count 6").[1] *Bogle*, 114 F.3d at 1272; Gov't Opp'n at 3. Mr. Bogle received the following sentences: twenty years to life (Count 1); five to fifteen years (Count 2); two years and eleven months (Count 5); and five years (Count 6). Gov't Opp'n at 2. In

---

[1] Mr. Bogle was acquitted of Count 3, Attempted Murder of an Employee of the United States, in violation of 18 U.S.C. § 1114, and Count 4, Using a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) (with the predicate offense of Count 3). Gov't Opp'n 2–3.

all, Mr. Bogle was sentenced to an aggregate of thirty-three years to life imprisonment. J., ECF No. 40. His sentence was affirmed on appeal. *Bogle,* 114 F.3d at 1276. The government represents that Mr. Bogle "recently was paroled from the indeterminate D.C. Code sentence [Count 1]" and thus his aggregate sentence is now thirty-three years. Gov't Opp'n at 21.

Mr. Bogle has filed multiple collateral attacks to his convictions. *See* Mot. to Vacate, ECF No. 55; Mot. to Vacate, ECF No. 61; Mot. to Vacate, ECF No. 71; Suppl. to Mot. to Vacate, ECF No. 76; Pet., ECF No. 77; Mot. to Modify J., ECF No. 84; 2d Mot. to Vacate, ECF No. 86; Suppl. to 2d Mot. to Vacate, ECF No. 92. All of them were denied. *See* Mem. Order, ECF No. 60; Order, ECF No. 63; Order, ECF No. 76; Order, ECF No. 85; Order, ECF No. 91; Order, ECF No. 97.

In June 2022, Mr. Bogle filed the present *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). He argues that his age and the COVID-19 pandemic, coupled with his obesity, chronic kidney disease, and prediabetes, constitute extraordinary and compelling circumstances warranting his compassionate release. *See* Def.'s Mot. Additionally, Mr. Bogle argues that the relevant 18 U.S.C. § 3553(a) factors militate in favor of his release. *See id.* The government opposes Mr. Bogle's motion, arguing that no extraordinary and compelling reasons for compassionate release exist and that the § 3553(a) factors do not support a sentence reduction. *See* Gov't Opp'n at 1.

Mr. Bogle is currently imprisoned at FCI Allenwood Medium. Def.'s Mot. at 5; Gov't Opp'n at 4. His projected release date is January 31, 2027. Gov't Opp'n at 3. Mr. Bogle states that he will be deported to his home country of Jamaica upon release. Def.'s Mot. at 4. The government notes that Mr. Bogle has a pending detainer from Immigration and Customs Enforcement. Sent'g Monitoring Computation Data, Ex. 4 to Gov't Opp'n, ECF No. 105-4, at 5.

3

## II.     LEGAL STANDARD

A defendant seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) bears the burden of establishing that he is eligible for a sentence reduction. *United States v. Jackson*, 26 F.4th 994, 1001 (D.C. Cir. 2022). To be eligible for a reduction, two threshold requirements must be met. First, the defendant must have exhausted his administrative remedies. 18 U.S.C. § 3582(c)(1)(A). This requires a showing that "defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or that thirty days have elapsed since "the receipt of such a request by the warden of the defendant's facility," whichever deadline is earlier. *Id.* Second, the defendant must show that "extraordinary and compelling reasons warrant" a reduction of his original sentence. *Id.* § 3582(c)(1)(A)(i).

If the Court finds that the defendant has met his burden of showing these two requirements, the Court has the discretion to "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)," after considering the relevant factors set forth in 18 U.S.C. § 3553(a). *Id.* § 3582(c)(1)(A).

## III.     DISCUSSION

Although Mr. Bogle has exhausted his administrative remedies, he has failed to meet his burden of establishing "extraordinary and compelling" circumstances that would warrant a sentence reduction. *Id.* § 3582(c)(1)(A)(i). Accordingly, this Court must deny his motion and need not examine the application of the § 3553(a) factors. The Court will address Mr. Bogle's purported "extraordinary and compelling" circumstances below.

4

### A.  Mr. Bogle Has Exhausted His Administrative Remedies

Both parties agree that Mr. Bogle has exhausted his administrative remedies. *See* Def.'s

Mot. at 1, 3; Gov't Opp'n at 15. On October 6, 2021, Mr. Bogle sent a letter to the warden at FCI

Allenwood Medium, requesting that the BOP file a motion to reduce his sentence, and grant him

compassionate release on the grounds that his health conditions make him especially vulnerable

during the COVID-19 pandemic. Part B – Resp., Ex. 1 to Def.'s Mot., ECF No. 104-1. The warden

denied Mr. Bogle's request on October 18, 2021. *Id.* Accordingly, Mr. Bogle's motion is properly

before the Court. 18 U.S.C. § 3582(c)(1)(A).

### B.  Mr. Bogle Has Failed to Establish Extraordinary and Compelling Circumstances Warranting a Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)(i)

Mr. Bogle argues that his age and the COVID-19 pandemic in conjunction with his medical

issues—obesity, chronic kidney disease, and prediabetes—amount to extraordinary and

compelling circumstances justifying a sentence reduction. Def.'s Mot. at 3–4. The Court finds the

argument unpersuasive.

### 1.  The Risk Posed to Mr. Bogle by COVID-19 is Not "Extraordinary and Compelling"

As the Circuit has recognized, COVID-19 is impacting the entire world, not just the prison

population, and certainly not just FCI Allenwood Medium. *See Jackson*, 26 F.4th at 1001–02. The

pandemic alone cannot serve as the basis for extraordinary and compelling circumstances. *Id.*

(affirming denial of compassionate release because defendant "offered no real evidence that the

presence of the disease was greater in his place of confinement than anywhere else").

Mr. Bogle argues that the COVID-19 pandemic is an extraordinary and compelling

circumstance for him because his unique medical conditions create an undue risk of serious

infection and even death. Def.'s Mot. at 3–4. But the Circuit has recognized that medical conditions

plaguing a large subset of the nation do not create extraordinary circumstances. *See Jackson*, 26

5

F.4th at 1002 (internal citations omitted) (noting that defendant's obesity did not make his COVID-19 risk extraordinary because the entire nation suffers from an obesity epidemic).

Like obesity in *Jackson*, Mr. Bogle's other medical conditions are not extraordinary. More than one in seven U.S. adults are estimated to have chronic kidney disease. *Chronic Kidney Disease in the United States, 2021*, CTRS. FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/kidneydisease/publications-resources/ckd-national-facts.html (last visited Oct. 4, 2022). Over one in three people in the United States have prediabetes. *Prediabetes—Your Chance to Prevent Type 2 Diabetes*, CTRS. FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/diabetes/basics/prediabetes.html (last visited Oct. 4, 2022). These conditions cannot create extraordinary and compelling circumstances for Mr. Bogle because they simply are not extraordinary.

Beyond the prevalence of these conditions, courts in this Circuit have refused to grant compassionate release motions for inmates who suffer from many of the same, or similar, illnesses as Mr. Bogle. *See United States v. Edwards*, No. 21-3062, 2022 WL 1769144, at *1 (D.C. Cir. June 1, 2022) (affirming denial of compassionate release for a defendant who suffered from obesity, a lung injury, and vision loss); *United States v. Long*, Crim. No. 99-0182 (PLF), 2021 WL 3185600, *3–*4 (D.D.C. July 28, 2021) (denying compassionate release for defendant who suffered from "chronic kidney disease, prediabetes, hypertension, and familial combined hyperlipidemia, among other medical conditions"); *United States v. Barron*, Crim. No. 95-088-2 (PLF), 2022 WL 2383973, *4 (D.D.C. July 1, 2022) (denying compassionate release for defendant suffering from obesity, chronic kidney disease, diabetes, and hypertension). This Court itself has done the same. *See United States v. Wyche*, 89-cr-0036 (RCL), 2022 WL 2643568, at *3–*4 (D.D.C. July 8, 2022) (denying compassionate release for defendant who suffered from obesity,

asthma, hypertension, prediabetes, and who was a cancer survivor); *United States v. Winston*, No.
94-cr-296-11 (RCL), 2021 WL 2592959, at *2 (D.D.C. June 24, 2021) (denying compassionate
release for defendant who suffered from hypertension and obesity); *United States v. Martinez*, No.
05-cr-445-1 (RCL), 2021 WL 2322456, at *1 (D.D.C. June 7, 2021) (denying compassionate
release for defendant with obesity, a chronic respiratory infection, and a history of serious lung
infection); *United States v. Houston*, No. 10-cr-265-1 (RCL), 2021 WL 860260, at *3 (D.D.C.
Mar. 8, 2021) (denying compassionate release for defendant with hypertension, an inferior vena
cava filter, and only one fully functioning lung). Mr. Bogle's conditions are not meaningfully
different.

  "Moreover, this Court has held that 'when an inmate is fully vaccinated against COVID-
19, compassionate release motions are unlikely to be granted even when a defendant has
underlying health conditions.'" *United States v. Greene*, No. 06-cr-312 (RCL), 2022 WL 3354745,
at *4 (D.D.C. Aug. 12, 2022) (quoting *Wyche*, 2022 WL 2643568, at *5). Mr. Bogle has received
two doses of the Moderna COVID-19 vaccine. Gov't Opp'n at 18. Additionally, Mr. Bogle
received a booster vaccine this past spring. *Id.* Accordingly, his full vaccination status further
counsels rejecting his motion. *See Martinez*, 2021 WL 2322456, at *2 (explaining that although
the defendant has underlying conditions "that could increase his risk of severe illness" from
COVID-19, his full vaccination status "mitigates that risk almost entirely"); *Comparative
Effectiveness of Moderna, Pfizer-BioNTech, and Janssen (Johnson & Johnson) Vaccines in
Preventing COVID-19 Hospitalizations Among Adults Without Immunocompromising Conditions*,
Ctrs. for Disease Control & Prevention,
https://www.cdc.gov/mmwr/volumes/70/wr/mm7038e1.htm (last visited Oct. 4, 2022).

Beyond vaccination, Mr. Bogle has already contracted and recovered from COVID-19. Gov't Opp'n at 18. If an inmate has fully recovered from a past COVID-19 infection, it weighs strongly against finding current extraordinary and compelling circumstances. *See Winston*, 2021 WL 2592959, at *2 (denying compassionate release, partly because defendant had already contracted and fully recovered from COVID-19 without serious complications). Mr. Bogle argues that he still faces a threat of being reinfected with COVID-19. Def.'s Reply at 5. But the possibility of reinfection does not create an extraordinary and compelling circumstance, especially now that Mr. Bogle is fully vaccinated. *See Wyche*, 2022 WL 2643568, at *3–*4 (denying compassionate release for fully vaccinated defendant who contracted COVID-19 twice).

Mr. Bogle also alleges that he is not receiving proper medical treatment. Def.'s Mot. at 3; Def.'s Reply at 5. But, as this Court has previously explained, "a motion in a criminal case is not the proper avenue to address allegations of improper treatment within a jail or prison." *Greene*, 2022 WL 3354745, at *4 (citing *United States v. Hollis*, No. 08-cr-276 (OWW), 2009 WL 902062, at *1 (E.D. Cal. Apr. 1, 2009), which held that any claims related to the condition of confinement may only be raised in a civil rights complaint).

In his reply, Mr. Bogle cites several cases where other courts granted compassionate release, but the facts of those cases are starkly different from Mr. Bogle's. He invokes these cases, all from courts outside of this District, for the proposition that defendants subject to deportation at the conclusion of their period of incarceration, such as Mr. Bogle, do not pose a danger to society and thus the 18 U.S.C. § 3553(a) sentencing factors weigh in favor of release.[2] Def.'s Reply at 3–4. Notwithstanding the fact that this Circuit has already indicated that a defendant's impending deportation upon release does not lessen the danger to the public, *see United States v. Galaviz*, 892

---

[2] The defendant in one of the cited cases, *United States v. Rios*, No. 94-cr-112 (JBA), 2020 WL 7246440, at *6 (D. Conn. Dec. 8, 2020), was not, in fact, subject to deportation after his release.

F.3d 378, 383 (D.C. Cir. 2018), the cases Mr. Bogle cites do not aid him because all of those defendants cleared the initial compassionate release hurdle of demonstrating an extraordinary and compelling reason warranting a sentence reduction, which Mr. Bogle is unable to do.[3]

Defendants in three of the cited cases faced more serious health risks than Mr. Bogle does. In two cases, the government agreed with the defendants, unlike here, that their poor health presented an extraordinary and compelling reason for compassionate release. *See United States v. Barriga-Beltran*, *See* No. 19-cr-0116 (JS), 2021 WL 1299437, at *3 (E.D.N.Y. Apr. 7, 2021) (defendant, who was older than Mr. Bogle, suffered from a litany of conditions "including hypertension, type II diabetes, coronary artery disease, and asthma," and had undergone cardiac surgery); *United States v. Rios*, No. 94-cr-112 (JBA), 2020 WL 7246440, at *1 (D. Conn. Dec. 8, 2020) (defendant suffered from "severe obesity, severe and uncontrolled hypertension, asthma and related lung ailments, and arthritis"); *United States v. Rendon-Marin*, 502 F. Supp. 3d 1239, 1240 (N.D. Ohio 2020) (defendant suffered from several medical conditions "including, *inter alia*, obesity, schizophrenia, and depression").

The final two cited cases bear little relevance to Mr. Bogle's case. The court in *United States v. Banks* found that significant changes in sentencing law since the time of the defendant's

---

[3] Even if Mr. Bogle could show that his medical conditions presented extraordinary and compelling circumstances, the analyses of the relevant 18 U.S.C. § 3553(a) factors in the cases he cites contain facts that are clearly distinguishable. Regarding the nature and circumstances of the offense, § 3553(a)(1), two of the cases involved defendants convicted of non-violent drug crimes. *See United States v. Rendon-Marin*, 502 F. Supp. 3d 1239, 1241–42 (N.D. Ohio 2020); *United States v. Barriga-Beltran*, 2021 WL 1299437, at *1 (E.D.N.Y. Apr. 7, 2021). In terms of the need for the sentence imposed, § 3553(a)(2), multiple factors led two other courts to conclude that Section 3553(a)(2)'s aims could be met even with a reduced sentence. *See Rios*, 2020 WL 7246440, at *4 (concluding that deterrence and public protection would not be served through continued detention where defendant had already served a lengthy sentence, suffered from significant health risks, was of advanced age, had engaged in rehabilitation, and presented a concrete release plan); *United States v. Lopez*, Crim. No. 97-01117 (ACK-2), 2020 WL 6298061, at *3–*4 (D. Haw. Oct. 27, 2020) (defendant's more than twenty years in prison, along with his youth at the time of the commission of the offense, near-spotless disciplinary record, charity work, and support for other inmates supported release). The final case cited by Mr. Bogle, *United States v. Banks*, No. 13-cr-00003 (NKM), 2022 WL 220638, at *6 (W.D. Va. Jan. 25, 2022), does not support his argument because the court only reduced the defendant's sentence as required by intervening changes in the sentencing law, specifically stating that the Section 3553(a) analysis, particularly the defendant's post-sentencing behavior, weighed against a sentence reduction.

conviction presented an extraordinary and compelling reason for a sentence reduction. *See* No. 13-cr-00003 (NKM), 2022 WL 220638, at *3–*4 (W.D. Va. Jan. 25, 2022). Mr. Bogle's sentence has not been disturbed by any such legal developments. And finally, *United States v. Lopez* involved a highly unusual circumstance quite different from Mr. Bogle's situation. In that case, decided before the widespread availability of COVID-19 vaccines for prison populations, the court focused on the defendant's "extraordinary rehabilitation"—evidenced by his extensive education, religious devotion, volunteer work, and participation in youth outreach—along with other factors such as his young age at the time of the offense (eighteen) and mostly exemplary disciplinary record while in prison (only three minor infractions in twenty-three years), to conclude that a sentence reduction was warranted. *See United States v. Lopez*, Crim. No. 97-01117 (ACK-2), 2020 WL 6298061, at *4–*8 (D. Haw. Oct. 27, 2020). Mr. Bogle has not presented similar evidence of rehabilitation, he was a decade-and-a-half older than the defendant in *Lopez* when he committed his offenses, and Mr. Bogle has engaged in more than double the number of disciplinary violations—and more serious violations—than the *Lopez* defendant. Therefore, the cases Mr. Bogle presents do not persuade Court that he has met his burden to establish that he is entitled to compassionate release.

\* \* \*

Because Mr. Bogle's COVID-19 risk is not extraordinary and compelling, it is unnecessary for the Court to analyze the factors set forth in 18 U.S.C. § 3553(a).

## IV.   CONCLUSION

For the foregoing reasons, Mr. Bogle's motion compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is hereby **DENIED**. A separate and consistent Order shall issue this date.

**IT IS SO ORDERED**.

SIGNED this _____ day of October, 2022.

Royce C. Lamberth
United States District Judge